IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,                      No. 14mj151

       Plaintiff,

                                  TRANSCRIPT OF
   vs.                                         DETENTION HEARING

DENNIS JOHN IRVIN,

       Defendant.
_____/      (**from digital recording**)


       The Detention Hearing held before the Honorable
Leonard T. Strand, Magistrate Judge of the United States
District Court for the Northern District of Iowa, at the Federal
Courthouse, 320 Sixth Street, Sioux City, Iowa, June 3, 2014,
commencing at 2:51 p.m.


APPEARANCES

For the Plaintiff:        TIMOTHY T. DUAX, ESQ.
                          Assistant United States Attorney
                          Ho-Chunk Centre - Suite 670
                          600 Fourth Street
                          Sioux City, IA  51101

For the Defendant:        MATTHEW METZGAR, ESQ.
                          Rhinehart Law
                          2000 Leech Avenue
                          Sioux City, IA  51106

Transcribed from         Shelly Semmler, RMR, CRR
digital recording by:    320 Sixth Street
                         Sioux City, IA  51101
                         (712) 233-3846

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 1 of 11

1          THE COURT:  United States versus Dennis Irvin.

2    Mr. Irvin is present in the courtroom with his attorney,

3    Mr. Metzgar.  Mr. Duax is here for the United States.

4          Mr. Irvin has been arrested on a warrant issued out of

5    the Eastern District of Arkansas where he has a case pending.

6    The United States Attorney's Office there wants to revoke his

7    pretrial release and has alleged some violations of the terms of

8    his pretrial release.  We had an initial appearance last week,

9    and at that time the government indicated it sought to have

10   Mr. Irvin remain in custody and be transported by the United

11   States marshals to Arkansas.  Mr. Irvin requested to have a

12   detention hearing.

13         I believe -- as I look back through my notes and

14   through the docket, I believe the issue -- basically that's the

15   only issue we're to decide today is whether or not Mr. Irvin

16   gets transported by the marshals or whether he goes on his own.

17   Is that correct, Mr. Duax?

18         MR. DUAX:  Yes, Your Honor.

19         THE COURT:  And, Mr. Metzgar, do you agree with that?

20         MR. METZGAR:  Yes, Your Honor.

21         THE COURT:  All right.  In that case, Mr. Duax, does

22   the government have evidence to present on that issue?

23         MR. DUAX:  Your Honor, the government has evidence in

24   the form of a proffer that will include some facts submitted by

25   the defendant as well.  And after presenting those facts, the

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 2 of 11

1   government will have no additional evidence.

2            THE COURT:  All right.  Any objection to the proffer,

3   Mr. Metzgar?

4            MR. METZGAR:  No, Your Honor.

5            THE COURT:  All right.  Go ahead, Mr. Duax.

6            MR. DUAX:  Your Honor, the government proffers the

7   following facts:  The defendant was subject to special condition

8   U in the terms and conditions of his pretrial release that was

9   entered, I believe, on May 24 of 2013.  And he knew he was

10  subject to that requirement.

11           The defendant knowingly contacted the victim on -- on

12  three -- with three communications on a single day by commenting

13  on her Pandora account.  In at least one of the comments the

14  defendant made on the victim's Pandora account, he commented to

15  her about the amount of prison time he was facing in this case.

16  At the time the defendant commented on the victim's Pandora

17  account, he knew that she was under 18 years of age.  And

18  defendant did not have written permission to contact the victim

19  prior to making that contact.

20           Other than the three comments on the victim's Pandora

21  account which were all made on a single -- in a single

22  transaction, he has not posted any additional comments since

23  then, and the communications occurred in March of 2014.

24           THE COURT:  Thank you, Mr. Duax.

25           Mr. Metzgar, any evidence or additional information by

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS   Document 11   Filed 06/23/14   Page 3 of 11

1   way of proffer?

2           MR. METZGAR:  We also agreed that -- this is the

3   record down in the Eastern District of Arkansas -- that he has a

4   trial date of June 23, 2014, which is subject to a motion to

5   continue filed by the government and an objection by the

6   defense.  So that's the status of the case down in Arkansas.

7           MR. DUAX:  That's correct, Your Honor.

8           THE COURT: All right.  Anything further, Mr. Metzgar?

9           MR. METZGAR:  No, Your Honor.

10          THE COURT: All right.  All right.  I'll go ahead and

11  hear argument then.  Mr. Duax?

12          MR. DUAX:  Your Honor, based on the proffered facts,

13  unobjected-to facts, the defendant has clearly violated the

14  terms and conditions of his release.  He was not to have contact

15  with any persons under the age of 18 without prior written

16  consent from his probation officer.  He did not have that

17  consent.  Therefore, he was in violation of his -- of his terms

18  and conditions of release.

19          What's troubling about this is both the timing and the

20  content of the communication.  First it occurs well after this

21  case was indicted, well after he was placed on release, very far

22  into the process.  And this all happens about ten months after

23  he was indicted, ten months after he had been on release and

24  then he comments to -- to the victim through her Pandora

25  account.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 4 of 11

1        And the content of the communication, particularly the

2   communication which -- in which he tells her what type of prison

3   time he's facing, is clearly designed to impact her.  By this

4   time he knows that she's going to be a witness in his case, and

5   he's trying to manipulate her into feeling sorry for him and

6   perhaps to change her testimony or not to testify.  And that's

7   extremely troubling as well.

8        And for those reasons, Your Honor, do not believe

9   that -- I mean, all the defendant needs to manipulate people is

10  a smart phone, and there's just no way to keep that out of his

11  hands if he's out in the community.

12       The underlying offense didn't involve a gun, and it

13  didn't involve a knife, and it didn't involve a physical assault

14  and a lot of those things we associate directly with danger to

15  the community, violent behavior, assaultive behavior in those

16  fashions.

17       But in this particular case with respect to the

18  indicted conduct as well as the violation conduct, what we have

19  is manipulation.  In the indicted conduct, the defendant

20  manipulated a young girl, 14-year-old girl, to engage in

21  sexually explicit conduct for the purposes of making a visual

22  depiction of it.  And here we have again the use of the Internet

23  to manipulate a girl who at this point in March of 2014 I

24  believe is 16 years old.  And so he is, you know, in his 40s

25  when all this is happening on both occasions.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS   Document 11   Filed 06/23/14   Page 5 of 11

1      So, Your Honor, based on that, it's clearly -- this

2  defendant, even if he's had periods where he's been compliant,

3  it didn't stop this from happening, and I don't think there is

4  any less restrictive means of protecting both this girl and

5  anyone else he might try to manipulate.  There is no less

6  restrictive means other than taking him into custody now and

7  having him transported down to Eastern District of Arkansas to

8  face his trial.

9      THE COURT:  Let me ask, I -- I just want to make sure

10  everybody's on the same page about what my decision is going to

11  be or what the context of my decision's going to be.  The motion

12  to revoke pretrial release is pending in Arkansas, and I take it

13  I'm not being asked to revoke pretrial release.  I'm just being

14  asked to have him transported down there to face that, not just

15  to face trial but to face the motion to revoke release.  Or are

16  we conducting this hearing as if it's a revocation hearing on

17  pretrial release?  It's confusing because I entered the original

18  order up here in Iowa, but then it was -- the motion's been

19  filed in Arkansas and it's in front of a judge in Arkansas as to

20  whether or not to revoke pretrial release.  So what's your

21  position on that, Mr. Duax?

22      MR. DUAX:  Your Honor, I consider today's hearing to

23  be whether or not his pretrial release is revoked.  And I don't

24  think there's really any other way to go about it because in

25  order to have him transported to Arkansas in custody, you have

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS   Document 11   Filed 06/23/14   Page 6 of 11

1 to change the terms of that order.  You have to revoke.

2          Now, I suppose you could do a temporary revocation

3 subject to further findings in Arkansas, but the way I saw this

4 from the beginning was as a motion to revoke his pretrial

5 release.

6          THE COURT:  Okay.  Thank you, Mr. Duax.

7          Mr. Metzgar, when you -- in your argument would you

8 address that issue of what you think the procedural context

9 we're in, because I do think there's a little bit of an issue

10 there and whether or not whatever I decide today, am I revoking

11 release if that's what I decide to do, or am I just saying he

12 will be transported and remain in custody and it will be the

13 Arkansas court that makes that call about revoking release?

14          MR. METZGAR:  Well, Your Honor, I think it's the

15 Arkansas's call about making release because they issued the

16 warrant, and so as a matter of semantics either way, revoking

17 release or temporarily detaining him for purposes of

18 transportation to Arkansas to allow them to make the

19 determination as to whether or not to revoke the supervised

20 release, we're asking that he be allowed to remain out.

21          This case has been going on for quite some time.  It's

22 just amazing that they can't get this tried in Arkansas in my

23 opinion.  And during this period of time he's been subject to

24 numerous conditions up here in Iowa including reporting to the

25 probation officer, doing treatment, UAs.  And I didn't call Matt

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 7 of 11

1  Sturdevant for purposes of determining how many he did or didn't

2  do, but apparently they've all been clean for what he has done

3  because there's no release -- there's no violation in that

4  regard.

5          So we're dealing with a single day, single matter

6  incident type of deal where, you know, it's a conversation

7  where, okay, one person says something, some person says

8  something, some -- and that sort of thing.  And I'm not making

9  excuses for what happened here, but in order to comment for a

10  person on this Pandora, apparently the other person has to be a

11  follower.  And so that's how Mr. Irvin knew that this person was

12  here, that she was on his Pandora account, is that she signed up

13  as a follower of Mr. Irvin's Pandora account.

14          Again, if this is really manipulation, Judge, we would

15  have a lot more comments after the fact here.  I believe this is

16  a single incident of -- where he was on his Pandora account, she

17  was a follower, and yeah, he made contact and -- but it wasn't

18  continuous.  It's not threatening violence or anything of that

19  nature.  It ceased.

20          And I think the Court should take that all into

21  consideration for purposes of the violation here as to whether

22  or not he's a risk for purposes of trial.  The trial's June 23.

23  Right now the government wants a continuance, and his attorney

24  is resisting that for a case that's been indicted for well over

25  a year.  I don't know why they can't get it to trial.  But he

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov
to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 8 of 11

1  has a court date set.  He should be allowed to go to Arkansas

2  for purposes of that court date.  Thank you.

3          THE COURT:  All right.  Any response, Mr. Duax?

4          MR. DUAX:  Just, Your Honor, this has never been about

5  threatening violence.  This has always been about manipulation.

6  This has always been about that and how -- what other purpose

7  could there be for this man who -- if we're going to assign

8  who's responsible here, I think the 44-year-old is responsible

9  and not the 15-year-old or 16-year-old here.

10          And so to try to lay it off on her that somehow it was

11  her fault because she had to follow him on his Pandora account

12  is a little -- a little far afield of what happened here.  He

13  was very specifically told you can't contact people under the

14  age of 18, and he did that knowing full well that it was a

15  violation.  But he took the shot.  Why?  Why?  Well, you know

16  why:  Because of what he said because, hey, look, I'm facing a

17  lot of time here.  Why else do that other than to manipulate?

18          And so given that purpose and given the fact that you

19  can't stop him from doing this again any other way, I think he

20  has to be detained pending trial.

21          Now, why -- the whys and wherefores of when he's going

22  to be tried in Arkansas I don't know.  Who knows how many

23  motions to continue there have been and why -- what the basis

24  for them were?  I don't know that.  I don't know if it's

25  attributable to either party.  I know the current motion's from

Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov
to purchase a complete copy of the transcript.
Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 9 of 11

1    the government.  But I don't know any of that, and I don't know

2    that it's relevant here.

3          What's relevant here is he violated the terms and

4    conditions of his release, and the way in which he did that

5    poses a danger to this victim who's already victimized once.

6    Now he's back at her again trying to get her to feel bad about

7    the fact that he is facing years in prison for what he

8    manipulated her to do before.

9          So, Your Honor, I think that's -- that's my response

10    is to try to say somehow that she had a part in this when she's

11    a child and he's an adult, that I think runs a wrong way here.

12          THE COURT:  All right.  My view of this is this is an

13    Arkansas case that's pending in the Eastern District of

14    Arkansas.  It's an Arkansas warrant.  It's an Arkansas motion to

15    revoke pretrial release.  We started this last week as a Rule 5

16    proceeding simply to decide whether Mr. Irvin should be returned

17    to Arkansas.

18          I find that the government has established -- has met

19    the burden under Rule 5 for having Mr. Irvin detained and

20    transported in the custody of the United States marshals to face

21    the pending motion to revoke his pretrial release.

22          But I find that without prejudice to Mr. Irvin's right

23    to contest the motion to revoke pretrial release once he gets

24    there.  I don't think that that motion is properly before this

25    Court.  I'm not going to attempt to rule on the -- make a final

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS  Document 11  Filed 06/23/14  Page 10 of 11

1  ruling on whether release -- pretrial release should be revoked.

2  I think that's going to have to be decided in Arkansas, but I am

3  going to order that Mr. Irvin stay in custody for purposes of

4  being transported to the Eastern District of Arkansas by the

5  United States marshals.  And then the issue of whether his

6  pretrial release should be revoked can be determined then in

7  that district.

8          Anything further at this time, Mr. Duax?

9          MR. DUAX:  No, Your Honor.

10          THE COURT:  All right.  Mr. Metzgar?

11          MR. METZGAR:  No, Your Honor.

12          THE COURT:  All right.  We'll be in recess.

13          (The foregoing hearing was

14          concluded at 3:05 p.m.)

15

16

17

18

19                    CERTIFICATE

20          I certify that the foregoing is a correct transcript

21  to the best of my ability from the digital recording of

22  proceedings in the above-entitled matter.

23

24

25    ___S/Shelly Semmler___              6-19-14
      Shelly Semmler, RMR, CRR              Date

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 1:14-mj-00151-LTS   Document 11   Filed 06/23/14   Page 11 of 11